**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

NOVO NORDISK A/S AND NOVO NORDISK INC.,

Plaintiffs,

v.

ENVIZION MEDICAL INC.,

Defendant.

Case No. 8:24-cv-2295-WFJ-LSG

**FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT**

This matter having come before the Court on the joint request of the parties for entry of this Final Judgment and Permanent Injunction on Consent (this "Final Judgment"); and

It appearing that plaintiffs Novo Nordisk A/S and Novo Nordisk Inc. (collectively, "Novo Nordisk") filed their Complaint in this action on September 30, 2024, and that defendant Envizion Medical Inc. ("Defendant") was served with the Complaint on December 19, 2024 and, through counsel, appeared on January 7, 2025; and

It further appearing that the parties have agreed to settle and resolve this matter without any further formal proceedings herein, and, as indicated by the signatures below, have consented to the entry of this Final Judgment in connection with such resolution of this action; and

The Court finding good cause therefor;

NOW, THEREFORE, by stipulation and agreement of the parties, and with the express consent of counsel for plaintiffs and counsel for defendant, as indicated below, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has jurisdiction over Defendant. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

2. Plaintiff Novo Nordisk's Complaint states causes of action against Defendant for false advertising and unfair competition in violation of sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), common law, and Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 502.201, *et seq*., Florida Statutes.

3. Without the consent of plaintiff Novo Nordisk, Defendant engaged in advertising, marketing, and/or promotion that falsely suggested that: (i) the compounded drugs offered and sold by Defendant are genuine Novo Nordisk, semaglutide-based medicines ("Unapproved Compounded Drugs") and/or are approved by the FDA; (ii) the Unapproved Compounded Drugs have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use (iii) Defendant and/or its Unapproved

Compounded Drugs are sponsored by, associated with, or affiliated with Novo Nordisk and/or Novo Nordisk's FDA-approved, semaglutide-based medicines; and/or (iv) the Unapproved Compounded Drugs contain any ingredient (including but not limited to semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk product.

4. Defendant's actions as described above were likely to cause confusion, infringed Novo Nordisk's rights in the Novo Nordisk Marks, and violated Novo Nordisk's rights under the Lanham Act and state law.

5. Defendant, its officers, directors, shareholders, owners, agents, servants, employees, and all those in active concert or participation with them, are hereby PERMANENTLY ENJOINED from:

(a) advertising, stating, or suggesting that any Unapproved Compounded Drugs, including but not limited to any Unapproved Compounded Drugs that either are available, directly or indirectly, from or through Defendant or the use of which or access to which is facilitated by, or with the involvement of, Defendant:

(1) are, or contain, genuine or authentic Novo Nordisk OZEMPIC, WEGOVY, or RYBELSUS medicines;

(2) are sponsored by or associated with Novo Nordisk;

(3) are approved by the FDA; have been reviewed by the FDA for safety, effectiveness, or quality; or have been

demonstrated to the FDA to be safe or effective for their intended use;

(4) achieve or have been shown or proven to achieve certain therapeutic results, effects, or outcomes, including but not limited to by relying on or making reference to clinical trial results for Novo Nordisk's medicines;

(5) achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's medicines and/or are interchangeable with or equivalent to genuine Novo Nordisk medicines;

(6) are associated or connected in any way with Novo Nordisk or Novo Nordisk's medicines; or

(7) contain any ingredient (including but not limited to semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk medicine.

6. IT IS FURTHER ORDERED that, for a period of twelve (12) months from the date of entry of this Final Judgment, Defendant shall conspicuously and prominently disclose in any external-facing materials for any Unapproved Compounded Drugs, including but not limited to all advertising, marketing, and promotional materials, that: (a) the Unapproved Compounded Drugs are

compounded drugs that have not been approved by the FDA; have not been reviewed by the FDA for safety, effectiveness, or quality; and have not been demonstrated to the FDA to be safe or effective for their intended use; (b) the processes by which the compounded drugs are manufactured have not been reviewed by the FDA; and (c) FDA-approved products containing semaglutide are available.

7. The parties having agreed to a confidential settlement agreement that resolves Novo Nordisk's claims, no award is included in this Final Judgment.

8. Judgment is hereby entered in favor of plaintiff Novo Nordisk as set forth above. All claims asserted in this action are hereby dismissed without prejudice, except that this Court shall retain jurisdiction for the purpose of enforcing the parties' settlement agreement, this Final Judgment, and as otherwise provided herein.

9. In accordance with the Lanham Act, 15 U.S.C. § 1116, the Clerk of the Court shall notify the Director of the Patent and Trademark Office of the entry of this Final Judgment, who shall enter it on the records of the Patent and Trademark Office.

10. This Final Judgment shall be deemed to have been served on Defendant, its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them as of the date of entry hereof by the Court.

**SO ORDERED,** this day of 15th day of September, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

CONSENTED TO:

FOR PLAINTIFFS:

*/s/ Jordan S. Cohen*
Jordan S. Cohen, Esquire (551872)
jcohen@wickersmith.com
Michelle A. Juarez, Esquire (1030924)
mjuarez@wickersmith.com
WICKER SMITH O'HARA
McCOY & FORD, P.A.
515 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 847-4800
Facsimile: (954) 760-9353

***Attorneys for Plaintiffs NOVO NORDISK A/S and NOVO NORDISK INC.***

FOR DEFENDANT:

*/s/ Matthew J. Modaferri*
Matthew J. Modafferi
FRIER LEVITT LLC
101 Greenwich Street, Suite 8B
New York, NY 10006
(646) 970-2711
mmodafferi@frierlevitt.com

***Attorney for Envizion Medical Inc.***